**FILED**
**U.S. District Court**
**District of Kansas**
08/11/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOSE DANIEL LAZOS,**

**Plaintiff,**

**v.** **CASE NO. 26-3192-JWL**

**BUTLER COUNTY**
**SHERIFF'S DEPARTMNET, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

Plaintiff Jose Daniel Lazos brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted provisional leave to proceed *in forma pauperis*. Plaintiff is detained at the Butler County Jail ("BCJ") in El Dorado, Kansas. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

## I. Nature of the Matter before the Court

Plaintiff alleges that since being taken into custody on June 3, 2026, he has been unable to receive appropriate medical care. (Doc. 1, at 3.) Plaintiff states that he has peripheral neuropathy/multiple mono nerve trunk neuropathy/restlessness syndrome. *Id*. He asserts that his condition is severe, and he suffers from a "high level of pain through his entire body causing involuntary seizures." *Id*. Before his detention, he was prescribed Pramipexole 75 mg once daily but has not received this medication since being taken into custody. *Id.* Plaintiff alleges that Offender Registration Unit Officer Kolkovski at the BCJ said, "Well, you haven't died from the symptoms the past few times you were in custody and you didn't get your meds, then it won't kill you this time either." *Id.*

Plaintiff asks the Court to enforce his current medical appointment schedule. He had an appointment at the Grace Med Evergreen Park Clinic set for June 22, 2026. Plaintiff alleges that he scheduled the appointment "with intent of obtaining a referral to a local neurology clinic for an in depth diagnosis consultation to gain a healthier treatment plan possibly requiring a clinical supervised sleeping trial that would be monitored by the appropriate medical equipment." *Id*. at 5.

Plaintiff names the following defendants: the Butler County Sheriff's Department; the Bureau of Alcohol, Tobacco and Firearms; (fnu) (lnu), medical company contracted to provide care to inmates at the BCJ; the United States Marshals; Lanny D. Welch, U.S. Attorney for the District of Kansas; and Esther Gonzalez de Lazos.

Plaintiff seeks an injunction to force the defendants to give Plaintiff his prescription medicine and to abide by his intended course of treatment.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

After reviewing Plaintiff's Complaint (Doc. 1), the Court finds that the Complaint is subject to dismissal for the following reasons.

### A. Problems with Defendants

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

The Butler County Sheriff's Department is not a proper defendant to a § 1983 action. This defendant is subject to dismissal, as "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D.N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)).

The Bureau of Alcohol, Tobacco and Firearms; the United States Marshals; Lanny D. Welch, U.S. Attorney for the District of Kansas; and Esther Gonzalez de Lazos are also subject to dismissal. First and most fundamentally, Plaintiff has not described how any of these defendants are involved in the alleged improper conduct. Federal Rule of Civil Procedure 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (citation omitted). "To state a claim, a complaint 'must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (quoting *Robbins*, 519 F.3d at 1250). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Plaintiff must explain what each defendant did to him, when the defendant did it, how it harmed him, and what specific legal right he believes that defendant violated. *See Nasious*, 492 F.3d at 1163 (10th Cir. 2007).

Second, the ATF, the U.S. Marshals, and the U.S. Attorney are federal agencies or officials and therefore not acting under color of state law as required to bring a § 1983 claim. A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006). Likewise, Esther Gonzalez de Lazos does not appear to be a state actor and therefore also not subject to liability under § 1983.

Merely private conduct does not satisfy the "under color of" element and therefore no § 1983 liability exists. See *Brentwood Academy v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001); *American Manufs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Plaintiff must show good cause why his claims against Defendants Butler County Sheriff's Department, the ATF, the United States Marshals, Lanny D. Welch, and Esther Gonzalez de Lazos should not be dismissed for failure to state a claim.

**B. Federal Constitutional Claim Requirement**

As noted above, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right *secured by the Constitution and laws of the United States*. . . .." *See West,* 487 U.S. at 48 (emphasis added). "After all, '§ 1983 "is not itself a source of substantive rights," but merely provides 'a method for vindicating *federal* rights elsewhere conferred.'" *Geddes v. Weber County*, 2022 WL 3371010, *3 (10th Cir. 2022) (emphasis added) (unpublished) (quoting *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)). To this end, the form the Court requires prisoner plaintiffs to use for complaints under 42 U.S.C. § 1983 (which Plaintiff did not use, despite being ordered to do so by the Court and provided a copy of the form, *see* Doc. 3) directs that for each count a plaintiff "allege that the following of my constitutional rights, privileges, or immunities have been violated."

Despite this instruction, Plaintiff has not identified any specific constitutional provision or federal right that he believes was violated. The liberal construction afforded Plaintiff's Complaint since he proceeds pro se

> means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

*Hall*, 935 F.2d at 1110.

Liberally construing the pro se Complaint now before this Court, the Complaint may be intended to assert the violation of Plaintiff's Constitutional right to adequate medical care under either the Eighth Amendment—if Plaintiff is in the BCJ because of a criminal conviction—or the Fourteenth Amendment—if Plaintiff is in the BCJ as a pretrial detainee. Under either amendment, the test for denial of medical care, or deliberate indifference to a serious medical need, is the same. *See Estate of Beauford v. Mesa Cnty., Colo.*, 35 F.4th 1248, 1262 (10th Cir. 2022) ("'The Fourteenth Amendment's Due Process Clause entitles pretrial detainees to the same standard of medical care that the Eighth Amendment requires for convicted inmates.' [Citation omitted.]").

The test for unconstitutional denial of medical treatment or deliberate indifference to a serious medical need involves two components, one objective and one subjective. *Paugh v. Uintah County*, 47 F.4th 1139, 1154 (10th Cir. 2022), *cert. denied* June 26, 2023.

> The objective component focuses on the "seriousness of the plaintiff's alleged harm," and the subjective component focuses on 'the mental state of the defendant with respect to the risk of that harm."
>
> . . . .
>
> To satisfy the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self* [*v. Crum*], 439 F.3d [1227,] 1230 [(10th Cir. 2006)] (quoting *Farmer* [*v. Brennan*], 511 U.S. [825,] 834 [(1994)]). Generally, a medical need qualifies as "sufficiently serious" if it "has been diagnosed by a physician as mandating treatment" or if it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock* [*v. Colo.*], 218 F.3d [1205,] 1209 [(10th Cir. 2000)] (citation omitted).

*Paugh*, 47 F.4th at 1154-55. In addition, "[m]edical delays can be sufficiently serious if they cause substantial harm, such as 'permanent loss[] or considerable pain.'" *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021) (citations omitted).

To satisfy the subjective part of the test, Plaintiff must show that each defendant "was aware of a substantial risk of serious harm and chose to disregard that risk." *Id.* at 794. The Tenth Circuit has explained that there are two "theories" under which a plaintiff can satisfy the subjective component of this test: the "failure to properly treat theory" and the "gatekeeper theory." *See Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023). The first occurs when a medical professional fails to properly treat a serious medical condition. *Paugh*, 47 F.4th at 1154.

The second theory, which appears to be the basis for Plaintiff's Complaint, occurs when an individual referred to as "a gatekeeper" "'prevents an inmate from receiving treatment or deny him access to someone capable of evaluating the inmate's need for treatment.'" *Id.* (quoting *Sealock*, 218 F.3d at 1211). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)). Although "this case may look different" once the relevant defendant has the "'opportunity to clarify and explain [his or her] actions,'" at this point the Court must decide "'only whether [Plaintiff] has alleged sufficient facts to support a claim.'" *See Lucas*, 58 F.4th at 1142 (citations omitted).

The problem with the Complaint now before this Court is that Plaintiff has not alleged specific facts that show a named defendant knew of and disregarded an excessive risk to Plaintiff's health. General allegations of acts not specifically attributed to an individual make it "impossible for any of these individuals"—or the Court—"to ascertain what particular unconstitutional acts" each is alleged to have committed. *See Robbins*, 519 F.3d at 1250. Therefore, Plaintiff has failed

to clearly "isolate the allegedly unconstitutional acts of each defendant" with respect to denying Plaintiff access to medical care. *See Twombly*, 550 U.S. at 565 n. 10.

**C. Preliminary Injunctive Relief**

Plaintiff appears to seek preliminary injunctive relief in the form of an order that he receive certain medical referrals and treatment. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

> "When seeking a preliminary injunction, 'the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.' In addition, the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.' A mandatory preliminary injunction--one which requires the nonmoving party to take affirmative action--is 'an extraordinary remedy' and is generally disfavored. Before a court may grant such relief, the movant must 'make a heightened showing of the [] factors.'"

*Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal citations omitted).

This case is in the screening phase and is subject to dismissal because Plaintiff has not stated a plausible claim for relief against a named defendant. Therefore, it cannot be said that Plaintiff has shown a likelihood that he will succeed on the merits of any claim in this matter. The request for preliminary injunctive relief is denied.

**IV. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why the claims and defendants discussed above should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file

a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (26-3192-JWL) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff is given time to file a complete and proper amended complaint in which he concisely (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff remains required to submit the initial partial filing fee of $40.00 previously assessed by the Court (*see* Doc. 5). The deadline to pay the

fee remains **August 19, 2026**. The failure to pay the fee as directed may result in the dismissal of this matter without further notice.

**IT IS FURTHER ORDERED** that, if Plaintiff complies with the order to submit the initial partial filing fee by August 19, 2026, Plaintiff is granted until **September 10, 2026,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein or to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated August 11, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**