**FILED**
**U.S. District Court**
**District of Kansas**
09/29/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOSE DANIEL LAZOS,**

**Plaintiff,**

**v.** **CASE NO. 26-3192-JWL**

**BUTLER COUNTY**
**SHERIFF'S DEPARTMNET, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

This matter is before the Court on three motions filed by Plaintiff. In Plaintiff's Motion for Extension of Time (Doc. 10), he requests an additional 30 days to file an amended complaint responding to the Memorandum and Order to Show Cause ("MOSC") (Doc. 6) entered by the Court on August 11, 2026. The original deadline was September 10, 2026. This is Plaintiff's first request for an extension of time. For good cause shown, the motion is granted.

Plaintiff has also filed a Motion for Appointment of Counsel (Doc. 7). He asserts that he needs appointed representation due to his learning deficiency, nervous system condition, and PTSD.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to

represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not overly complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

Also before the Court is Plaintiff's Request for a Preliminary Injunction (Doc. 8). Plaintiff asks the Court to order "[a]n expedited or emergency detention hearing at the United States Federal Courthouse of Wichita Kansas in which the stipulations and requirements of my pretrial release are to include but not limited to attendance to doctor appointments with a neurology specialist

clinic." *Id.* at 1. Plaintiff further seeks to have his travel and transportation expenses paid by the defendants and to have additional access to the law library. *Id.* at 2. He states that he is willing to submit to GPS monitoring and reporting to a supervision specialist as often as necessary. *Id.*

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on

public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). The court must "consider the well-established law to the effect that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively . . .. Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances." *Escobar v. Reid,* 2008 WL 4877009, *3 (D. Colo. Nov.12, 2008) (citations omitted). Because preliminary injunctions are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted). Plaintiff has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 10) is **granted**. The deadline for Plaintiff to file an amended complaint is **October 13, 2026.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 7) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. 8) seeking a preliminary injunction is **denied.**

**IT IS SO ORDERED.**

**Dated September 29, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**